IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES R. MCNEIL,

      Plaintiff,                          No. CIV S-08-2322 EFB P

   vs.

R. REDDING et. al.,

      Defendants.               <u>ORDER</u>

        James McNeil, an inmate confined at California State Prison, Sacramento, filed this pro se civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  On October 2, 2009, plaintiff filed a first amended complaint.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  For the reasons set forth below, the court finds that plaintiff's amended complaint fails to state any claims for which relief can be granted under section 1983 and orders that this action be dismissed with prejudice.

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

1

(2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

////

2

1  The Civil Rights Act under which this action was filed provides:

2  Every person who, under color of [state law] . . . subjects, or causes to be
   subjected, any citizen of the United States . . . to the deprivation of any rights,
3  privileges, or immunities secured by the Constitution . . . shall be liable to the
   party injured in an action at law, suit in equity, or other proper proceeding for
4  redress . . . .

5  42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts

6  establish the defendant's personal involvement in the constitutional deprivation or a causal

7  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

9  (9th Cir. 1978)

10  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

11  does not state a cognizable claim. Moreover, the court finds that the deficiencies in plaintiff's

12  complaint cannot be cured by amendment, and therefore orders that the complaint be dismissed

13  with prejudice.

14  Plaintiff's complaint names his public defender, the governor of California, and a district

15  judge as defendants. Compl. at 1. He claims that his public defender provided ineffective

16  assistance on appeal. *Id.* at 2-3. He alleges that he was denied due process in his trial and

17  appeals and that he was discriminated against on the basis of race. *Id.* at 3-4. Further, he implies

18  that he was improperly sentenced under the three strikes law when one of his offenses was only a

19  misdemeanor. *Id.* at 4-5.

20  Plaintiff's claims all challenge the validity of his conviction and sentence. The Supreme

21  Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no

22  matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

23  (state conduct leading to conviction or internal prison proceedings)--if success in that action

24  would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*

25  *Dotson,* 544 U.S. 74, 81-82 (2005) (emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641

26  (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). Were plaintiff to succeed on his claims that

1 defendants violated his constitutional rights at his trial and on appeal, those findings would
2 necessarily implicate the validity of plaintiff's underlying criminal conviction.  *See Heck*, 512
3 U.S. at 487.  Plaintiff has not demonstrated that his conviction or sentence has previously been
4 invalidated.  His claims should therefore be dismissed without leave to amend.

5    Accordingly, it is hereby ORDERED that this action be dismissed for plaintiff's failure to
6 state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir.
7 2000) (indigent prisoner proceeding without counsel must be given leave to file amended
8 complaint unless the court can rule out any possibility that the plaintiff could state a claim).
9 Dated:  April 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4